## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| FCCI Insurance Company,<br><br>       Plaintiff,<br><br>v.<br><br>Lexicon Hospitality, LLC and Microtel<br>Joe Frank, LLC<br><br>       Defendants. | Case No.: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT OR, IN THE ALTERNATIVE, FOR POLICY REFORMATION

COMES NOW, FCCI Insurance Company, by and through counsel, and hereby files this Complaint for Declaratory Judgment or, in the Alternative, for Policy Reformation, against Lexicon Hospitality, LLC and Microtel Joe Frank, LLC (collectively, "Defendants") seeking a declaration that no coverage exists for a claim made against a commercial general liability insurance policy and a corresponding excess policy or, in the alternative, seeking reformation of the insurance policies.

## THE PARTIES

1.

FCCI Insurance Company ("FCCI") is a corporation incorporated under the laws of the State of Florida with its principal place of business in the State of Florida.

FCCI provided insurance under the insurance policy at issue (described below) and has over $75,000 at stake in connection with the amount insured under the insurance policy at issue.

2.

Lexicon Hospitality, LLC ("Lexicon") is a Georgia limited liability company. Lexicon has been administratively dissolved and its last known principal place of business prior to dissolution was at 3290 Trammel Road, Cumming, GA, 30041. Upon information and belief, its sole member is Mohammed Sadrul Amin, who is a resident and citizen of Georgia.

3.

Microtel Joe Frank, LLC ("Microtel Joe") is a Georgia limited liability company. Microtel Joe has been administratively dissolved and its last known principal place of business prior to dissolution was at 3290 Trammel Road, Cumming, GA 30041. Upon information and belief, Microtel Joe's sole member is Lexicon.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because, upon information and belief, there is complete diversity of citizenship

between FCCI and the named defendants and because the amount in controversy exceeds $75,000.

5.

Lexicon is a limited liability company that conducts business in the State of Georgia. It may be served with a copy of this Complaint and Summons upon its registered agent: Richard F. Evins, 406 Ridley Avenue, LaGrange, GA 30240, and when so served, Lexicon will be subject to the jurisdiction of this Court.

6.

Microtel Joe is a limited liability company that conducts business in the State of Georgia. It may be served with a copy of this Complaint and Summons upon its registered agent: Richard F. Evins, 53 Washington Street, Fairburn, GA 30213, and when so served, Lexicon will be subject to the jurisdiction of this Court.

7.

Venue in this District is proper under 28 U.S.C. § 1391(b)(1) because Lexicon and Microtel Joe's last known principal place of business is in Forsyth County. Forsyth County is within this District and Division.

8.

An actual case and controversy of a justiciable nature exists between FCCI and Lexicon regarding its duties, rights, and obligations, if any, under the subject

insurance policies. FCCI is, therefore, entitled to bring this declaratory judgment action in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

9.

Microtel Joe is a necessary party because its interests are affected directly by the outcome of this action.

## THE UNDERLYING FACTS

**A.    THE INSURANCE APPLICATIONS**

10.

On December 14, 2014, Microtel Joe submitted a commercial insurance application to FCCI, which stated that Microtel Joe was seeking commercial general liability and commercial property insurance.

11.

The premises for which insurance was sought by Microtel Joe in its commercial insurance application was a Microtel hotel property located at 1348 Joe Frank Harris Parkway, Cartersville, Georgia (the "Microtel Hotel"). The Microtel Hotel was described as a "71 unit, 4 story Motel".

12.

Microtel Joe submitted a supplemental application form to FCCI titled "Hotel Location," which stated that Microtel Joe had owned/managed the Microtel Hotel since 2010, and listed the amount of units, occupancy ratio, and other information regarding the Microtel Hotel.

13.

Other than the Microtel Hotel, no other hotel property was identified in Microtel Joe's insurance applications to FCCI.

14.

Other than Microtel Joe's operations at the Microtel Hotel, no other business ventures were identified on Microtel Joe's insurance applications to FCCI.

**B.    THE POLICIES**

15.

FCCI issued Premier Package Policy No. CPP019914-1 to "Microtel Jo [sic] Frank, LLC" (the "CGL Policy"). A true and accurate copy of the CGL Policy is attached hereto as Exhibit A and incorporated herein by reference ("Ex. A"). FCCI also issued Umbrella Policy UMB0020509-1 to "Microtel Jo [sic] Frank, LLC" (the "Umbrella Policy) (collectively, the "Policies"). A true and accurate copy of the

Umbrella Policy is attached hereto as Exhibit B and incorporated herein by reference ("Ex. B").

16.

Both Policies incepted on February 27, 2015, and were cancelled effective October 27, 2015, at Lexicon's request. A true and accurate copy of the cancellation notices for the Policies are attached hereto as Exhibit C and incorporated herein by reference ("Ex. C").

17.

The CGL Policy's "Commercial General Liability Coverage Part Declarations" page, on the date of issuance, included a section titled "All Premises You Own, Rent or Occupy." This Declarations page identified the Microtel Hotel as the sole premise that Microtel Joe owns, rents, or occupies. (Ex. A, p. 108).

18.

The Umbrella Policy's "Commercial Liability Umbrella Declarations" page, on the date of issuance, lists Microtel Joe's business description as a singular "Hotel". (Ex. B, p. 003).

19.

On March 17, 2015, an endorsement was added to the Policies, at no additional charge, which amended the named insured from "Microtel Jo [sic] Frank,

LLC" to "<u>Lexicon Hospitality, LLC dba Microtel Jo [sic] Frank, LLC</u>." These endorsements had an effective date of February 27, 2015. A true and accurate copy of the name change endorsement for the CGL Policy is attached hereto as Exhibit D and incorporated herein by reference ("Ex. D"). A true and correct copy of the name change endorsement for the Umbrella Policy is attached hereto as Exhibit E and incorporated herein by reference ("Ex. E").

20.

The endorsement to the CGL Policy includes an amended "Commercial General Liability Coverage Part Declarations" page, which includes a section titled "All Premises You Own, Rent or Occupy." This Declarations page identifies the Microtel Hotel as the sole premise that "Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC" owns, rents, or occupies. (Ex. D, p. 011).

21.

The endorsement to the Umbrella Policy includes an amended "Commercial Liability Umbrella Declarations page," which identifies "Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC's" business description as a singular "Hotel". (Ex. E, p. 003).

22.

Defendants were not charged an additional premium in connection with the

7

amendment of the Named Insured on the Policies.

23.

Both prior to and on the date the Policies' Named Insured was amended, FCCI did not know that Lexicon owned or operated any hotel properties other than the Microtel Hotel.

24.

The CGL Policy provides the following regarding who is an insured with respect to its commercial general liability coverage:

SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

* * *

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

* * *

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or

limited liability company that is not shown as a Named Insured
in the Declarations.

(Ex. A, p. 120).

25.

The Umbrella Policy contains a nearly identical provision with respect to its
commercial liability umbrella coverage:

SECTION II – WHO IS AN INSURED

1. Except for liability arising out of the ownership, maintenance or use
of "covered autos":

a. If you are designated in the Declarations as:

* * *

(3) A limited liability company, you are an insured. Your
members are also insureds, but only with respect to the
conduct of your business. Your managers are insureds,
but only with respect to their duties as your managers.

* * *

No person or organization is an insured with respect to the
conduct of any current or past partnership, joint venture or

limited liability company that is not shown as a Named Insured

in the Declarations.

(Ex. B, p. 017).

26.

The CGL Policy contains the following insuring agreement for "Coverage A

Bodily Injury and Property Damage Liability" with respect to its commercial general

liability coverage:

> 1. Insuring Agreement
>
> > a. We will pay those sums that the insured becomes legally
> > obligated to pay as damages because of "bodily injury" or
> > "property damage" to which this insurance applies. We
> > will have the right and duty to defend the insured against
> > any "suit" seeking those damages. However, we will have
> > no duty to defend the insured against any "suit" seeking
> > damages for "bodily injury" or "property damage" to
> > which this insurance does not apply. . . .

(Ex. A, p. 112).

27.

The Umbrella Policy contains the following insuring agreement for its

"Coverage A – Bodily Injury and Property Damage Liability" with respect to its commercial liability umbrella coverage:

    1.  Insuring Agreement

        a.  We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

        . . .

(Ex. B, p. 009).

11

## C.    DEFENDANTS' OPERATIONS

28.

At the time the Policies incepted and throughout the duration of the Policies' period, the Microtel Hotel was owned by Lexicon.

29.

Upon information and belief, at the time the Policies incepted and throughout the duration of the Policies' period, the Microtel Hotel was operated either solely by Microtel Joe, or as a joint venture between Lexicon and Microtel Joe.

30.

Upon information and belief, Microtel Joe is a closely related entity to Lexicon and the entities share ownership and/or employees.

31.

Lexicon owns and/or operates other hotels in addition to the Microtel Hotel, including a Motel 6 property located at 2360 Delk Road SE, Marietta, GA 30067 (the "Motel 6").

32.

Upon information and belief, Microtel Joe does not own or operate the Motel 6.

**D.    THE UNDERLYING LAWSUIT GIVING RISE TO THE CLAIM**

33.

On February 28, 2025, Michal Roseberry, W.K., and J.T. ("Plaintiffs") filed a lawsuit against Lexicon, Lexicon Hospitality Investments LLC, and Studio 6 Delk Road, LLC ("Underlying Defendants") in the United States District Court, Northern District of Georgia, captioned *Michal Roseberry et al. v. Studio 6 Delk Road, LLC et al.*, Civil Action No. 1:25-cv-01062-LMM (the "Underlying Lawsuit"). A true and correct copy of the First Amended Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit D and incorporated by reference herein ("Ex. F").

34.

Plaintiffs alleged that they were victims of minor sex trafficking at the Motel 6. Plaintiff Michal Roseberry alleges she was trafficked at the Motel 6 from roughly the end of 2015 through 2016. Plaintiff J.T. alleges she was trafficked at the Motel 6 in 2012 and from 2015 to 2016. And Plaintiff W.K. alleges she was trafficked at the Motel 6 in 2013 and 2014. (Ex. F, ¶¶ 1, 20, 33, 48).

35.

Plaintiffs allege that Lexicon, along with the other Underlying Defendants, "owned, operated, maintained, controlled, and managed the Motel 6 as a joint venture[.]" (Ex. F, ¶ 12).

13

36.

Plaintiffs allege that distinctions between the Underlying Defendants "are on paper only" and Underlying Defendants "shared employees, finances, and responsibilities for the operation of the Motel 6," with Studio 6, LLC acting as "ostensibly the landowner" and Lexicon being involved in operating the Motel 6. (Ex. F, ¶ 13).

37.

Plaintiffs also allege that for "the purposes of owning, operating, and managing the Motel 6, during the relevant time, [Underlying] Defendants functioned as a single entity and exercised control jointly over the motel and over each other." (Ex. F, ¶ 15).

38.

Plaintiffs allege the Underlying Defendants are liable for knowingly assisting and facilitating sex trafficking at the Motel 6 and assert claims of (1) statutory liability for sex trafficking under 18 U.S.C. § 1595; (2) nuisance; and (3) statutory liability under 18 U.S.C. § 2255. (Ex. F, ¶¶ 96-130).

39.

Plaintiffs allege they sustained personal injuries, mental and emotional pain and suffering, and experienced mental anguish as a result of Underlying Defendants'

actions, for which Plaintiffs seek compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia and federal law. (Ex. F, ¶ 132).

**E.    REQUEST FOR COVERAGE AND DEFENSE OF THE LAWSUIT**

40.

On or about April 23, 2025, Lexicon put FCCI on notice of the Underlying Lawsuit.

41.

On May 6, 2025, FCCI advised Lexicon that it would provide a defense to Lexicon for the Underlying Lawsuit subject to a complete reservation of rights. A copy of the reservation of rights letter is attached hereto as Exhibit G and incorporated herein by reference ("Ex. G").

42.

Upon information and belief, FCCI will incur defense costs in the Underlying Lawsuit in excess of $75,000.

43.

Accordingly, FCCI seeks a declaration of non-coverage or, in the alternative, reformation of the Policies.

## COUNT I – DECLARATORY JUDGMENT

### (No Coverage for Lexicon's Operations Other than Where It is Doing Business As Microtel Joe)

44.

FCCI repeats and realleges each and every one of the foregoing paragraphs as if fully set forth herein.

45.

The Policies were underwritten to insure Microtel Joe's operations at the Microtel Hotel, as well as the Microtel Hotel property itself.

46.

When the Named Insured on the Policies was amended to state "Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC," the intent was to provide coverage for any liability Lexicon may incur in connection with operation of the  Microtel Hotel, subject to the Policies' terms and conditions.

47.

The inclusion of "dba Microtel Jo Frank, LLC" in the amended Named Insured is a limiting phrase that limits coverage for Lexicon with respect to its conduct on behalf of Microtel Joe.

48.

In other words, the Policies only provide commercial general liability coverage for Lexicon where Lexicon is doing business as Microtel Joe.

49.

Upon information and belief, the only hotel property where Lexicon is doing business as Microtel Joe is the Microtel Hotel identified in the Policies.

50.

The Underlying Lawsuit alleges Lexicon is liable solely due to events that occurred at the Motel 6. There are no allegations in the Underlying Lawsuit of bodily injury or property damage that occurred at the Microtel Hotel or that involve Microtel Joe.

51.

As a result, coverage is not triggered for the Underlying Lawsuit and FCCI is entitled to a declaration that it does not owe a duty to defend and/or indemnify Lexicon for the allegations in the Underlying Lawsuit under the Policies.

## COUNT II – DECLARATORY JUDGMENT

### (No Coverage for Lexicon Where It is Engaged in Joint Ventures with LLCs other than Microtel Joe)

52.

FCCI repeats and realleges each and every one of the foregoing paragraphs

as if fully set forth herein.

53.

Both Policies' definitions of "Who Is An Insured" contain the following limitation:

> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

(Ex. A, p. 121; Ex. B, p. 018).

54.

The Underlying Complaint alleges that Lexicon, along with the other Underlying Defendants, "owned, operated, maintained, controlled, and managed the Motel 6 as a joint venture" and that "[a]ny distinctions between [Underlying] Defendants are on paper only." (Ex. F, ¶¶ 12-13).

55.

The Underlying Defendants with whom Lexicon allegedly managed the Motel 6—Studio 6 Delk Road, LLC and Lexicon Hospitality Investments, LLC—are not shown as Named Insureds in the Policies' Declarations.

56.

All of the allegations of liability against Lexicon in the Underlying Lawsuit relate to Lexicon's alleged conduct as part of the joint venture it entered into with Underlying Defendants.

57.

Accordingly, any potential liability Lexicon faces in the Underlying Lawsuit relates to the conduct of a current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

58.

As a result, coverage is not triggered for the Underlying Lawsuit and FCCI is entitled to a declaration that it does not owe a duty to defend and/or indemnify Lexicon for the allegations in the Underlying Lawsuit under the Policies.

## **COUNT III – EQUITABLE REFORMATION**

59.

FCCI repeats and realleges each and every one of the foregoing paragraphs as if fully set forth herein.

60.

Throughout the underwriting process for the Policies, the intent of FCCI and Microtel Joe was for the Policies to provide commercial general liability coverage

and commercial property coverage for Microtel Joe's operations at the Microtel Hotel and for the Microtel Hotel property itself.

61.

At the time the Named Insured on the Policies was amended, it was not the intent of FCCI, Microtel Joe, or Lexicon to expand the scope of coverage to hotel properties other than the Microtel Hotel that was owned by Lexicon and operated and/or jointly managed by Microtel Joe.

62.

Thus, at all times material to this Complaint, it was the true intention of the parties that the Policies provide commercial general liability and commercial property coverage solely for Defendants' operations at the Microtel Hotel and for the Microtel Hotel property itself.

63.

If the effect of the amendment to the Named Insured on the Policies was to expand commercial general liability coverage for all of Lexicon's operations at hotels other than the Microtel Hotel, FCCI would have charged additional premium for the amendment, and Lexicon would have expected to pay additional premium for the amendment.

64.

In the event it is determined that the Policies, as amended, provide coverage for Lexicon's operations at hotels other than the Microtel Hotel as a result of the name change, then such a result is inconsistent with the intent of the Policies and is due to a mutual mistake shared by all parties to the Policies.

65.

Thus, in that event, in order to do equity among the interested parties, FCCI requests that the Court reform the Policies to reflect the true intentions of FCCI, Microtel Joe, and Lexicon, and limit the Policies' commercial general liability coverage for liability of the operations of Microtel Joe and/or Microtel Hotel property identified in the Policies' declarations, subject to all other terms, conditions, and exclusions contained in the Policies.

**WHEREFORE**, FCCI prays:

a.      For judgment that FCCI has no duty to defend or indemnify Lexicon under the Policies for the claims in the Underlying Lawsuit;

b.      For judgment that no coverage is afforded, no indemnity payments are due, and no duty to provide or pay for a defense for the Underlying Lawsuit under the Policies has arisen due to the application of the Policies' language as further discussed above;

c.    In the alternative, that this Court exercise its equitable powers and reform the Policies to reflect the parties' actual intent that the Policies' commercial general liability coverage is limited to Defendants' operations of the Microtel Hotel identified in the Policies.

d.    For judgment in favor of FCCI and against Defendants on any and all grounds set forth in this Complaint;

e.    That FCCI recover such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 4th day of November, 2025.

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
twalker@fieldshowell.com
zferreira@fieldshowell.com
bgowen@fieldshowell.com

*/s/ Tyler Bryant Walker*
Tyler Bryant Walker
Georgia Bar No.: 250477
Zachary J. Ferreira
Georgia Bar No.: 464123
Brittney C. Gowen
Georgia Bar No.: 897398

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

FCCI Insurance Company,

       Plaintiff,

v.

Lexicon Hospitality, LLC and Microtel
Joe Frank, LLC

       Defendants.

Case No.: _____

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading was prepared using Times New Roman, 14-point, is double-spaced, and otherwise conforms to the requirements of the United States District Court for the Northern District of Georgia.

Respectfully submitted, this 4th day of November, 2025.

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
twalker@fieldshowell.com
zferreira@fieldshowell.com
bgowen@fieldshowell.com

*/s/ Tyler Bryant Walker*
Tyler Bryant Walker
Georgia Bar No.: 250477
Zachary J. Ferreira
Georgia Bar No.: 464123
Brittney C. Gowen
Georgia Bar No.: 897398

*Counsel for Plaintiff*