# Exhibit G



CLAIM MAIL PROCESSING CENTER
POST OFFICE BOX 58004
SARASOTA FL  34232-0800
PHONE:  800-226-3224
FAX:  1-800-226-3243
www.fcci-group.com

May 6, 2025

**VIA Certified USPS**
Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC
2360 Delk Road SE
Marietta, GA 30067

Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC
1348 Joe Frank Harris Pkwy SE
Cartersville, GA 30120

| | | |
|---|---|---|
| RE: | Litigation: | *Michal Roseberry et al. v. Studio 6 Delk Road, LLC et al.*, No. 1:25-cv-01062-LMM, United States District Court for the Northern District of Georgia, Atlanta Division |
| | Insured: | Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC |
| | Policy Nos: | CPP0019914-1; UMB0020509 1 |
| | Policy Period: | February 27, 2015 – October 27, 2015 |
| | Loss Location: | 2360 Delk Road SE, Marietta, Georgia 30067 |

**RESERVATION OF RIGHTS**

To whom it may concern,
We write on behalf of FCCI Insurance Company ("FCCI"), which issued Policy Nos. CPP0019914-1 ("Policy") and UMB0020509 1 ("Umbrella Policy") to Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC (the "Insured" or "Lexicon") for the period of February 27, 2015 to October 27, 2015 (collectively, "Policies"). We write regarding the lawsuit that has been filed by Michal Roseberry, W.K., and J.T. (collectively, "Plaintiffs") in the United States District Court for the Northern District of Georgia, No. 1:25-cv-01062-LMM (the "Lawsuit"), asserting liability for injuries Plaintiffs allegedly sustained when they were trafficked for sex at a Motel 6 located at 2360 Delk Road SE, Marietta, GA 30067 (the "Motel 6 Property").

The purpose of this letter is to advise the Insured of FCCI's current understanding and position and to reserve FCCI's rights under the Policy and applicable law. For the reasons discussed below, based on all information provided to date, FCCI has decided to provide a defense to the Insured for the Lawsuit under a **complete reservation of rights**. FCCI reserves all rights in reference to the Lawsuit and the underlying allegations.

Without limitation, FCCI reserves the right to investigate, deny coverage, and/or file a declaratory judgment action. Please note that FCCI reserves the right to rely on all of the terms,

Exhibit G 001

conditions, and limitations of the Policies. Please be advised that nothing in this letter or FCCI's investigation and evaluation of this matter shall constitute waiver or estoppel of any of FCCI's rights under the Policies or applicable law. Further, nothing herein waives any condition precedent to coverage, including the requirement that the Insured cooperate with FCCI's investigation and immediately provide FCCI with a copy of any correspondence, demand, or further pleadings received by the Insured related to this matter.

I. **Factual Background**[1]

A. **The Application for Insurance**

On December 15, 2014, Microtel Jo Frank LLC ("Microtel Jo"), through its agent, Regions Insurance Inc., submitted a commercial insurance application. The application stated that Microtel Jo was seeking commercial general liability and property insurance. The premises for which insurance was sought, as specified on the application, was a property located at 1348 Joe Frank Harris Parkway, Cartersville, Georgia (the "Microtel Motel"). The Microtel Motel was described as a "71 unit, 4 story Motel."

Review of property records related to the Microtel Motel show that Lexicon purchased the Microtel Motel in a bank sale on February 27, 2015. There is no indication that Microtel Jo owned the Microtel Motel at any relevant time.

Microtel Jo also submitted a supplemental application form titled "Hotel Location," which stated the amount of units, occupancy ratio, and other information regarding the Microtel Motel. No other hotel or motel property was identified in the insurance applications.

B. **Change of Named Insured and Cancellation of Insurance**

The Policy was initially issued with Microtel Jo as the sole named insured. On March 17, 2015, an endorsement was added to the Policies, which changed the named insured to "Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC". This endorsement had an effective date of February 27, 2015, which was the date the Policies incepted.

FCCI cancelled the Policies, effective October 27, 2015, at 12:01 a.m., at the Insured's request. FCCI was advised that the Insured had "moved the coverage to another carrier."

C. **The Lawsuit and the Motel 6 Property**

On February 28, 2025, Plaintiffs filed the Lawsuit in the United States District Court for the Northern District of Georgia, naming as defendants: Studio 6 Delk Road, LLC; Lexicon Hospitality, LLC; and Lexicon Hospitality Investments, LLC (collectively, "Defendants"). Plaintiffs allege that they were victims of sex trafficking at the Motel 6 Property. Specifically, Plaintiff Roseberry alleges she was trafficked at the Motel 6 Property from "roughly the end of 2015 through March 2016"; Plaintiff J.T. alleges she was trafficked at the Motel 6 Property in 2012, and again from 2015 to 2016; and Plaintiff W.K. alleges she was trafficked at the Motel 6 Property from "roughly the summer of 2013 to the end of 2014." The Lawsuit alleges that Defendants owned, operated, maintained, controlled, and managed the Motel 6 Property as a

---

[1] FCCI's discussion of the underlying facts and allegations within the Lawsuit is not a reflection of the merits of any allegations in the Lawsuit.

joint venture. The Lawsuit also alleges that Defendants knew of the sex trafficking and prostitution at the Motel 6 Property and that they permitted the sex trafficking to occur. The Lawsuit alleges that Defendants knowingly assisted and facilitated sex trafficking at the Motel 6 Property. The Lawsuit asserts the following counts against all Defendants: (1) statutory liability for sex trafficking under 18 U.S.C. § 1595; (2) nuisance—public, private, and statutory—and (3) statutory liability under 18 U.S.C. § 2255.

Review of property records show that the Motel 6 Property was deeded to Lexicon Hospitality, LLC on June 1, 2011. Six months later, on January 1, 2012, Lexicon Hospitality, LLC executed a quit claim deed in favor of Studio 6 Delk Road, LLC. Then, on October 14, 2020, Studio 6 Delk Road, LLC conveyed the Motel 6 Property to YK Delk Rd, LLC by limited warranty deed.

**II.     Policy Details**

FCCI issued Premier Package Policy No. CPP019914-1 to Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC for the policy period of February 27, 2015, to October 27, 2015.[2] The Policy provides commercial general liability coverage subject to a $1,000,000 each occurrence limit and a $2,000,000 general aggregate limit. The Policy also provided commercial property coverage for the Microtel Motel, subject to the Policy's terms and conditions.

FCCI also issued Umbrella Policy UMB0020509 1 to Lexicon Hospitality, LLC dba Microtel Jo Frank, LLC for the policy period of February 27, 2015, to October 27, 2015. The Umbrella Policy provides liability limits of $5,000,000 per occurrence with a $5,000,000 aggregate.

**III.    Coverage Analysis – Reservation of Rights**

As outlined below, FCCI agrees to provide Lexicon Hospitality, LLC with a defense under a reservation of rights as set forth herein. For your convenience, we set forth certain pertinent language of the Policies below. FCCI reserves the right to rely upon all terms, conditions, and exclusions of the Policies, including but not limited to the language listed below.

**A.     Who is an Insured**

The Policy provides the following regarding who is an insured with respect to its commercial general liability coverage:

SECTION II – WHO IS AN INSURED
      1. *If you are designated in the Declarations as:*

\* \* \*

        c. *A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your*

---

[2] As detailed above, the Policy was initially issued to Microtel Jo for the policy period of February 27, 2015, to February 27, 2016. However, the named insured under the Policy was changed by endorsement during the Policy term and the Policy was cancelled effective October 27, 2015.

> *managers are insureds, but only with respect to their duties as your managers.*

\* \* \*

*No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations. (Policy, CG 00 01 12 07, pp. 9-10 of 16).*

The Lawsuit alleges that Lexicon, with the other Defendants, "owned, operated, maintained, controlled, and managed the Motel 6 as a joint venture." To the extent Lexicon engaged in conduct with respect to a joint venture that is not shown as a Named Insured in the Declarations, Lexicon may not qualify as an insured for this Lawsuit, and coverage may be precluded. Thus, FCCI reserves its rights accordingly.

**B.    Coverage A – Bodily Injury and Property Damage Liability**
**1.    Insuring Agreement**

The insuring agreement for "Coverage A Bodily Injury and Property Damage Liability" of the Policy's commercial general liability coverage provides, in relevant part:

> 1. Insuring Agreement
>    a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .*

\* \* \*

>    b. *This insurance applies to "bodily injury" and "property damage" only if:*
>       *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
>       *(2) The "bodily injury" or "property damage" occurs during the policy period;*
>       *(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

(Policy, CG 00 01 12 07, p. 1 of 16).

The Policy defines "bodily injury" as *"bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."* (Policy, CG 00 01 12 07, p. 13 of 16).

The Policy defines "occurrence" as *"an accident, including continuous or repeated exposure to substantially the same general harmful conditions."* (Policy, CG 00 01 12 07, p. 14 of 16).

Here, the Lawsuit alleges that Lexicon is liable for damages including physical, emotional, and psychological harm, as well as loss of enjoyment of life and mental anguish. To the extent the Lawsuit does not allege "bodily injury" as defined by the Policy, coverage may be precluded. The Lawsuit also alleges that Lexicon knew or should have known about the sex trafficking occurring at the Motel 6 Property in general and of the sex trafficking of Plaintiffs, but failed to take steps to prevent it. To the extent the Lawsuit does not allege an "accident" or "occurrence" covered under the Policy, coverage may be precluded.

Additionally, the Lawsuit alleges that Plaintiffs were trafficked at the Motel 6 Property at various times between 2012 and 2016. Plaintiff W.K. alleges only that she was trafficked at the Motel 6 Property during 2013 and 2014. The Policy period is February 27, 2015, to October 27, 2015. To the extent the Lawsuit alleges bodily injury that did not occur during the Policy period, coverage may be precluded. Additionally, to the extent Plaintiffs allege Lexicon knew of the alleged injuries prior to the Policy period, then any continuation or resumption of such injuries during the Policy period is not covered. FCCI reserves its rights accordingly under Coverage A's insuring agreement.

2.   **Expected or Intended Injury Exclusion**

Coverage A of the Policy's commercial general liability coverage's "Expected or Intended Injury" exclusion bars coverage for *"bodily injury . . . expected or intended from the standpoint of the insured."* (Policy, CGL 093 (09 11), p. 1 of 13). To the extent Lexicon expected or intended the injuries that occurred, coverage could be barred. Thus, FCCI reserves its rights accordingly.

C.   **Coverage B – Personal and Advertising Injury Liability**
     1.   **Insuring Agreement**

The insuring agreement for the Policy's Coverage B Personal and Advertising Injury Liability provides, in relevant part:

> 1. *Insuring Agreement*
>    a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty*

> > to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .
>
> * * *
>
> > b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Policy, CG 00 01 12 07, p. 6 of 16).

The Policy defines "personal and advertising injury", in relevant part, to mean *"injury, including consequential 'bodily injury' arising out of . . . false arrest, detention or imprisonment."* (Policy, CG 00 01 12 07, p. 14 of 16).

The Lawsuit alleges that Lexicon harbored and maintained Plaintiffs at the Motel 6 Property at various times between 2012 and 2016. To the extent such actions caused personal and advertising injury arising out of the Insured's business at times that were not during the Policy period, coverage may be precluded. Thus, FCCI reserves its rights accordingly under Coverage B's insuring agreement.

> 2. **Exclusions**
>    a. **Criminal Acts**

Coverage B's "Criminal Acts" exclusion bars coverage for *"'personal and advertising injury' arising out of a criminal act committed by or at the direction of the insured."* (Policy, CG 00 01 12 07, p. 6 of 16). To the extent personal and advertising injury is alleged, if that injury arose out of a criminal act by or at the direction of Lexicon, coverage could be barred. Thus, FCCI reserves its rights accordingly.

> b. **Knowing Violation of Rights of Another**

Coverage B also contains a "Knowing Violation Of Rights Of Another" exclusion which bars coverage for *"'personal and advertising injury' caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"* (Policy, CG 00 01 12 07, p. 6 of 16). To the extent personal and advertising injury is alleged and was caused by or at the direction of the Insured with knowledge that the act would violate Plaintiffs' rights and would inflict injury, coverage could be barred. Thus, FCCI reserves its rights accordingly.

> D. **Representations**

The Policy's commercial general liability coverage contains the following condition regarding representations, as modified by endorsement:

> 6. *Representations*

By accepting this policy, you agree:
> > a. The statements in the Declarations are accurate and complete;
> > b. Those statements are based upon representations you made to us; and
> > c. We have issued this policy in reliance upon your representations.

Any error or omission in the description of, or failure to completely describe or disclose any premises, operations or products intended to be covered by the Coverage Form will not invalidate or affect coverage for those premises, operations or products, provided such error or

*omission or failure to completely describe or disclose premises, operations or products was not intentional.*
*You must report such error or omission to us as soon as practicable after its discovery. However, this provision does not affect our right to collect additional premium charges or exercise our right of cancellation or nonrenewal.*
(Policy, CGL 093 (09 11) p. 12 of 13).

Here, the only premises disclosed on the Insured's application for insurance was the Microtel Motel. The Motel 6 Property was not disclosed as a property where the Insured conducted operations during the application for the Policy. To the extent the Insured's failure to disclose the Motel 6 Property or the Insured's operations at the Motel 6 Property was intentional, coverage may be precluded. Thus, FCCI reserves its rights accordingly.

      E.      **Other Insurance**

The Policy's commercial general liability coverage's "Other Insurance" provision states the Policy is excess over any other primary insurance available to the Insured covering liability for damages arising out of the premises or operations or any policies for which the Insured has been added as an additional insured. (Policy, CG 00 01 12 07, p. 11 of 16). Thus, this provision may be implicated if the Insured has other insurance. FCCI reserves its rights accordingly. **FCCI further requests that you provide copies of any insurance policies providing insurance in connection with the Motel 6 Property or related to the Insured's business or operations. Please send any such policies to our attention immediately.**

      F.      **Umbrella Policy**

The Umbrella Policy contains the same or similar terms, conditions, exclusions, and definition discussed above. Accordingly, the coverage issues outlined above also apply to the Umbrella Policy, and FCCI reserves the right to disclaim coverage under the Umbrella Policy based on the grounds listed above.

Additionally, the Umbrella Policy's Representations provision contains an additional clause that states, "We will not pay for any *"loss" or damage in any case of fraud committed by you or any other insured, at any time, and relating to coverage under this policy."* (Umbrella Policy, CU 01 48 09 00, p. 1 of 1). FCCI reserves the right to disclaim coverage under the Umbrella Policy in the event it is discovered Lexicon committed fraud in its application for coverage or other otherwise related to this policy.

**IV. Conclusion**

FCCI understands that the Insured has retained personal counsel who has obtained an extension for Lexicon to respond to the complaint in the Lawsuit. FCCI is currently evaluating which counsel to appoint as defense counsel for Lexicon with respect to the Lawsuit. In the meantime, please continue to take all necessary actions to protect Lexicon's interests in the lawsuit.
To be clear, FCCI has not made a final determination regarding the existence or extent of coverage available to Lexicon under the Policies in connection with Lawsuit. Moreover, neither this correspondence nor FCCI's continued investigation of this matter is, or should be considered

to be, a waiver or estoppel of any of FCCI's rights under the Policies or applicable law. Indeed, FCCI continues to reserve all rights under the Policies and applicable law.

Among the rights reserved, FCCI reserves the right to withdraw any defense and deny coverage pursuant to the Policies' respective terms. conditions, or exclusions, including pursuant to provisions in the Policies not expressly discussed in this letter or prior correspondence. FCCI's reservation of rights for this matter also includes the right to investigate, deny coverage in part or in whole, seek a judicial determination of coverage, or to intervene in any suit against you to seek a verdict allocating between covered and non-covered amounts. FCCI further reserves its right to supplement or amend its reservations of rights.

For avoidance of doubt, nothing in this letter, or FCCI's continuing evaluation of this matter, or actual or possible payment(s) of any portion of any future claim, claim expenses, or defense costs shall constitute a waiver or estoppel of FCCI's right to rely upon any of the terms, conditions, or exclusions in the Policies.

This letter is based on the facts and information supplied to FCCI to date, along with the Policies and applicable law. Nothing in this letter, or FCCI's continuing investigation, or actual or possible payment(s) of any portion of the claim or claim expenses, shall constitute a waiver or estoppel of FCCI's right to rely upon any of the terms, conditions, exclusions, and endorsements of the Policies.

**Again, notwithstanding FCCI's reservation of rights, it is imperative that you immediately provide a copy of any future correspondence, demand, or further suit papers regarding this matter so that FCCI can evaluate its ongoing obligations under the Policies.**
Should you have any questions, please do not hesitate to contact us.

Sincerely,

Derrick Harris
MCU Specialist
Phone: 800-226-3224, ext. 3302
E-mail: sharris1@fcci-group.com


cc:
Chrisann Richards, CLCS, TRS: crichards@insurancehub.com
Peter Schoenthaler: pfs@schoenthalerlaw.com
Chris Rosser: crosser@schoenthalerlaw.com
Tim Blenner: tblenner@schoenthalerlaw.com
Neill Wright: nwright@schoenthalerlaw.com